IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DWAIN PAUL McCOY,                )
                                 )
        Plaintiff,               )
                                 )
                                 )        CIV-08-1028-M
v.                               )
                                 )
MR. KAGEL, et al.,               )
                                 )
        Defendants.              )

REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. In his Complaint filed September 25, 2008, Plaintiff names as Defendants "Mr. Kagel" who is identified as the Comanche County Jail Administrator, "Lt. Walls," "Sgt. Moore," "Sgt. Lee," "C.O. Lacy," and "C.O. Guthry" who are identified as correctional officers at the Comanche County Jail, "Dr. Williams" who is identified as the doctor for the Comanche County Jail, and "Nurse Kristel" who is identified as a nurse at the Comanche County Jail. Plaintiff alleges various constitutional deprivations stemming from his pretrial confinement at the Comanche County Jail between May 2006 and December 2006. For the following reasons, it is recommended that all but one of Plaintiff's claims be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). No "heightened fact pleading" is required under this standard, "but only enough facts to state a claim to relief that is plausible on its face." Id., 127 S.Ct. At 1974. In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's "well-pleaded facts" but not "conclusory allegations" to be true. McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001)(internal quotation omitted). A *pro se* plaintiff's complaint must be

broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Statute of Limitations

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). A court may "consider affirmative defenses sua sponte" for the purpose of dismissal under 28 U.S.C. § 1915 "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." Fratus v. Deland, 49 F.3d 673, 674-675 (10th Cir. 1995)(quotations and alterations omitted). In this case, the allegations in the Complaint clearly show that most of Plaintiff's claims for relief are barred by the applicable statute of limitations. Because 42 U.S.C. § 1983 contains no specific statute of limitations, federal courts apply state statutes of limitations for personal injury actions in section 1983 actions. Wilson v. Garcia, 471 U.S. 261, 276 (1985). For section 1983 actions arising in Oklahoma, Oklahoma's two year statute of limitations for personal injury suits applies. Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).

To the extent Plaintiff seeks monetary or equitable relief under 42 U.S.C. § 1983 for the allegedly deliberate indifference to his medical needs in Count III of the Complaint related to a "broken tooth" that occurred "in about [sic] August of 2006," Plaintiff's claim

3

is barred by Oklahoma's two-year statute of limitations.  See Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005).  Plaintiff's Complaint provides no evidence to support the application of Oklahoma's limited tolling exceptions. See Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004).   Accordingly, Plaintiff's claim in Count III should be dismissed with prejudice as to all Defendants pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim for relief.

III. Personal Participation

In Count II of the Complaint, Plaintiff alleges he "contracted staph [sic] infection after repeated exposure and poor indigent hygiene [sic] supplies."  In the background section of the Complaint, Plaintiff alleges that "during my incarceration at the Commanche [sic] County Jail I was exposed to staff [sic] infections on numerous occasions and now have staff [sic] as a result.  Hygene [sic] items are given every two (2) to three (3) weeks and cleaning supplies is [sic] on a 'when we get time' basis. I was given antibiotics at Lexington [Assessment and Reception Center] and continued medication and treatment upon my arrival at Oklahoma City county Jail, where I've been charged as well."

In order to establish an Eighth Amendment violation stemming from the conditions of confinement in a jail[1] or prison, the plaintiff must show that (1) objectively, the deprivation was "sufficiently serious so as to deprive inmates of the minimal civilized

---

[1]"Pretrial detainees are protected under the Due Process Clause rather than the Eighth Amendment, [and courts in this circuit] appl[y] an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983." Olson v. Layton Hills Mall, 312 F.3d 1304, 1315 (10th Cir. 2002).

4

measure of life's necessities ... [or] so as [to] constitute a substantial risk of serious harm," and (2) subjectively, the defendants "act[ed] or fail[ed] to act with deliberate indifference to inmate health and safety." Shannon v. Graves, 257 F.3d 1164, 1168 (10th Cir. 2001). With respect to the subjective component, inadvertence or negligence fail to establish the requisite culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Plaintiff has not alleged facts sufficient to state a plausible claim for relief against any Defendant concerning this claim. Personal participation is an essential element of a 42 U.S.C. §1983 action seeking damages from a defendant in his or her individual capacity. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1993)(quotation omitted); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976). It is well established that government officials have no vicarious liability in a §1983 action because "there is no concept of strict supervisor liability under section 1983." Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir .1996)(quotation omitted). See Monell v. Dep't of Social Serv., 436 U.S. 658, 691-695 (1978). A supervisor's liability must be based on a "sufficient causal connection" existing between the supervisor and the constitutional violation. Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006)(quotation omitted). Plaintiff has alleged no facts creating an inference of a causal connection between the actions of any named Defendant and Plaintiff's allegations in Count II of the Complaint. Moreover, even if Plaintiff could allege facts creating an inference of a causal connection between a named Defendant and the allegation in Count II, Plaintiff has not alleged the requisite culpable state of mind on the part of any Defendant. Rather, Plaintiff has merely

speculated that he contracted a viral infection because he was "exposed" to viral infections and because hygiene and cleaning supplies were not provided often enough during his confinement in the Comanche County Jail. Accordingly, Plaintiff's claim in Count II of unconstitutional conditions of confinement should be dismissed without prejudice as to all Defendants pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a § 1983 claim for relief. See Farmer v. Brennan, 511 U.S. 825, 838 (1994)(noting Supreme Court had "rejected a reading of the Eighth Amendment that would allow liability to be imposed on prison officials solely because of the presence of objectively inhumane prison conditions").

IV. Duty to Protect

In Count I, Plaintiff asserts that "officers allowed a forewarned volitile [sic] situation to escalate into an assault." Plaintiff contends that he was assaulted by another detainee, "Mr Joey Geeseman," on December 5, 2006, at the Comanche County Jail when Mr. Geeseman "attacked [Plaintiff] with a 'sucker punch' as dinner trays were being brought into our pod." Plaintiff alleges in Count I that unidentified "officers were warned numerous times of the imminent danger Mr. Geeseman presented to myself. Officer Moore recognized the danger and attempted to defuse the situation but was ordered to do otherwise." In the background section of the Complaint, Plaintiff similarly alleges that "Sgt Moore attempted to remove Mr. Geeseman from our POD in November and was ordered to put him back in. The next day Sgt. Moore and his wife no longer worked for the Jail."

With respect to other named Defendants' participation in this alleged failure to protect

Plaintiff from injury at the hands of another pretrial detainee, Plaintiff alleges that "Dr. Williams is the Jail['] Doctor on staff and sutured my lips after the assault." Plaintiff further alleges that Defendant "Nurse Kristel" "is the nurse who assisted Dr. Williams after the assault." Plaintiff alleges that Defendants Kagel, Walls, Moore, Lee, Lacy, and Guthry "know about volitile [sic] situation" and that Defendant Lee "witnessed [the] assault."

Plaintiff has not alleged facts in Count I of the Complaint sufficient to state a plausible claim under 42 U.S.C. § 1983 against Defendants Moore, Williams, or "Nurse Kristel" for the alleged deliberate indifference to his safety. See Farmer, 511 U.S. at 844 ("prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted"). Therefore, the Plaintiff's claim in Count I should be dismissed with prejudice as to Defendants Moore, Williams, and "Nurse Kristel" pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a 42 U.S.C. § 1983 claim for relief. Consequently, the only remaining 42 U.S.C. § 1983 claim in this action is Plaintiff's claim in Count I against Defendants Kagel, Walls, Lee, Lacey, and Guthry.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that (1) Plaintiff's claim in Count III be dismissed with prejudice as to all Defendants pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), (2) Plaintiff's claim in Count II be dismissed without prejudice as to all Defendants pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and (3) Plaintiff's claim

7

in Count I be dismissed with prejudice as to Defendants Moore, Williams, and "Nurse Kristel" pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §§1915A(b) or 1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     January 26th    , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  5th  day of   January  , 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE