IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DWAIN PAUL McCOY, )
 )
    Plaintiff, )
 )
 ) CIV-08-1028-M
v. )
 )
MR. CAGLE,[1] et al., )
 )
    Defendants. )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

At the time Plaintiff filed this 42 U.S.C. § 1983 action he was a pretrial detainee in custody at the Oklahoma County Detention Center. In Plaintiff's Complaint, he alleged numerous constitutional deprivations stemming from the conditions of his earlier confinement at the Comanche County Detention Center ("CCDC"). Plaintiff also alleged that Defendants, who are identified as CCDC officials, were deliberately indifferent in violation of the Eighth and Fourteenth Amendments to the risk of assault upon Plaintiff by another detainee, Mr. Geesaman.

The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and Defendants filed a Motion to Dismiss the cause

---

[1]This Defendant was originally identified by Plaintiff as "Mr. Kagel" in the Complaint. However, Defendant Cagle's pleadings indicate that "Kagel" is not the correct spelling of his last name. Therefore, the correct spelling of Defendant Cagle's name will be used herein. Additionally, Plaintiff originally identified "C.O. Guthry" as a Defendant in the Complaint. However, Defendant Guthrie's pleadings reflect that "Guthry" is an incorrect spelling of his last name. Accordingly, the correct spelling of Defendant Guthrie's name will be used herein.

1

of action on various grounds. In a Report and Recommendation entered January 5, 2009, the undersigned recommended that all but one of Plaintiff's claims asserted in the Complaint against all Defendants except Defendants Cagle, Walls, Lee, Lacey, and Guthrie be dismissed. This Report and Recommendation was adopted by Chief U.S. District Judge Miles-LaGrange, and Judge Miles-LaGrange entered an Order on February 10, 2009, dismissing all of Plaintiff's claims except his § 1983 claim against Defendants Cagle, Walls, Lee, Lacey, and Guthrie for failure to protect.

Defendants Cagle, Walls, Lee, Lacey, and Guthrie ("Defendants") have now moved for summary judgment concerning Plaintiff's remaining claim against them of deliberate indifference to the risk of assault. Defendants seek summary judgment on alternative grounds, including the failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff has responded to the dispositive motion, and Defendants have replied to the responsive pleading. For the following reasons, it is recommended that Defendants' Motion for Summary Judgment be granted.

I. Standard of Review

Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return

a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Additionally, if the moving party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).[2]

II. Uncontroverted Facts

In Defendants' Motion, Defendants set forth a Statement of Uncontroverted Facts pursuant to LCvR 56.1(b) for the purpose of resolving their Motion for Summary Judgment. Plaintiff was advised of his obligations in responding to Defendants' Motion for Summary Judgment under Fed. R. Civ. P. 56 and local civil procedural rules. Plaintiff's responsive pleading addresses Defendants' Statement of Uncontroverted Facts. Considering Defendants' Statement and Plaintiff's responsive pleading, the following material facts are undisputed:

1. Plaintiff was detained on pending criminal charges in the CCDC from May 11, 2006 to June 26, 2008, except for a period of time between April 2007 and January 2008 in which he was detained at the Grady County Detention Center on other charges.

---

[2] In a prisoner civil rights case such as this one, the plaintiff's complaint is treated as an affidavit if it allege facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. Hall, 935 F.2d at 1111.

2. Plaintiff was a known sex offender, and for that reason he was placed in CCDC's Pod 269 during the relevant time period. Individuals considered vulnerable to being assaulted by other detainees in general population are assigned to Pod 269.

3. Plaintiff understood the dangers related to his sex offender charges and his placement in general population.

4. Detainee Geesaman also was a known sex offender, and for that reason he was housed in CCDC's Pod 269.

5. On December 15, 2006, at approximately 5:45 p.m., Correctional Officer Lee observed Plaintiff bleeding from the mouth and Geesaman bleeding from his hand. Plaintiff and Geesaman were involved in a verbal confrontation.

6. Just prior to the altercation, Officer Lee was holding the door open so that trustees could bring trays into the housing area for dinner, and Plaintiff was near his bunk looking out the window.

7. The other detainees in the pod were not in the outer area but were still locked inside their cells.

8. Plaintiff was turning around to tell the other detainees in the unit what was being served for dinner when Geesaman hit him. At that time, Plaintiff's back was to Officer Lee.

9. According to Plaintiff, Geesaman's demeanor was unexpected.

10. Other detainees present indicated that Geesaman awoke and arose and then struck Plaintiff without warning or apparent reason.

11. Officer Lee called for all available officers and then proceeded to place hand restraints

on Geesaman.

12. Both detainees were interviewed regarding the incident.

13. Geesaman admitted that he hit Plaintiff in the face.

14. Both detainees were taken to the jail's medical unit for evaluation, and Plaintiff received stitches in his upper and lower lips as a result of the altercation.

15. Following their treatment in the medical unit, Plaintiff was placed back in Pod 269, and Geesaman was separated from Plaintiff and placed in the booking area of the jail.

16. Plaintiff has no complaints about Officer Lee's handling of the situation immediately following the assault.

17. Plaintiff has no factual basis for asserting that Jail Administrator Cagle had knowledge that Geesaman presented any threat to Plaintiff.

18. CCDC has, and at the time relevant to this lawsuit had, a grievance policy which permitted detainees to submit requests and grievances to jail staff to address their issues and concerns. Pursuant to this two-step policy, a detainee could file a written request to staff regarding an issue. If not satisfied with the staff member's response, the detainee could then file a written grievance concerning the issue.

19. According to the jail's records, Plaintiff submitted several request to staff forms regarding several issues, including the provision of shampoo and soap, a request for a manila envelope containing some of his personal property, a request for a TV, and request for information regarding the filing of criminal charges against Geesaman.

20. Plaintiff did not submit a grievance concerning Geeseman, although Plaintiff was aware

of the grievance policy at the jail.

21. Plaintiff's injuries from the assault consisted of a cut on his upper lip and a cut on his lower lip. He did not suffer any permanent mental trauma from the assault.

III. Exhaustion of Administrative Remedies

Defendants contend that Plaintiff failed to exhaust available administrative remedies at CCDC with respect to his claim of Defendants' deliberate indifference to the risk of assault. Defendants have submitted evidence that the administrative grievance procedure at CCDC consisted of two steps, including the submission of a written request to staff to a detention officer and, if not satisfied with the response, the submission of a written grievance. Defendants' Motion for Summary Judgment, Ex. 1 (Affidavit of Dale Cagle, Ex. B). Exhaustion of administrative remedies "is mandatory" under the Prison Litigation Reform Act ("PLRA"). Jones v. Bock, 549 U.S. 199, 211 (2007). Because Defendants have raised the issue of lack of exhaustion as an affirmative defense, Plaintiff must demonstrate that he completed the available administrative review process "in accordance with the [jail's] applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88 (2006). A prisoner or detainee must exhaust administrative remedies before a § 1983 action will be reviewed even where the relief sought cannot be granted by the administrative process. Booth v. Churner, 532 U.S. 731, 734

6

(2001).[3]

It is not disputed that Plaintiff did not submit a grievance form regarding the assault upon him by Mr. Geesaman. In response to the query in his Complaint concerning exhaustion of administrative remedies, Plaintiff asserted that he "attempted to press charges against Mr. Geeseman and was ignored" and that "[n]umerous" request to staff forms were "unanswered." Complaint, at 5. Defendants have submitted the affidavit of Defendant Cagle who avers that Plaintiff failed to submit a request to staff regarding a complaint that he was placed in a cell with Mr. Geesaman and Plaintiff did not submit a grievance concerning any issue. Defendants' Motion for Summary Judgment, Ex. 1 (Affidavit of Dale Cagle). Defendant Cagle has attached to his affidavit several request to staff forms authored by Plaintiff. In one of these request to staff forms dated December 26, 2006, and addressed to "Capt. Moon," Plaintiff states that he needed to talk to Mr. Moon "about pressing charges against Joey Geeseman concerning the unprovoked assault on 12-15-06. Our 'request to staffs' are not being responded to any more. This is the fourth one I've submitted since last week." As the only action being requested, Plaintiff states he demands "charges being pressed so I don't have to pay for the medical and dental bills." In response to this request to staff, Plaintiff was advised by Mr. Moon that he should call his lawyer. Defendants'

---

[3]Nevertheless, the PLRA exhaustion requirement is not jurisdictional and, pursuant to 42 U.S.C. § 1997e(c)(2), a district court may "dismiss plainly meritless claims without first addressing [the] more complex question [of] whether the prisoner did in fact properly exhaust available administrative remedies." Woodford, 548 U.S. at 101.

Motion for Summary Judgment, Ex. 1 (Affidavit of Dale Cagle, Ex. F).

In Plaintiff's responsive pleading, Plaintiff admits that he was aware of the CCDC grievance procedure. Plaintiff asserts that several request to staff forms he submitted to CCDC officials were "ignored," but Plaintiff does not describe these "ignored" requests. "[C]ourts . . . are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007). However, Plaintiff's vague statement that some of his request to staff forms submitted to CCDC officials were "ignored" does not show that his failure to exhaust administrative remedies concerning the remaining claim raised in the Complaint was due to any obstruction by prison officials. Moreover, assuming that Plaintiff's request to staff form submitted to Mr. Moore sufficiently apprised Defendants of his Eighth and Fourteenth Amendment claim, Plaintiff admits he did not file a grievance concerning this claim. In response to Defendants' assertion that Plaintiff did not file any grievances while he was detained at CCDC, Plaintiff states that he did submit a grievance at CCDC concerning the "lack of indigent supplies," and he admits the grievance was "addressed and taken care of to Plaintiff's satisfaction." Plaintiff's Response, at 3. Plaintiff's subjective belief that it would be futile to file a grievance concerning his Eighth and Fourteenth Amendment claim is not sufficient to satisfy § 1997e(a)'s exhaustion requirement. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies," and a prisoner must exhaust all available administrative remedies,

even if the administrative procedures "appear to be futile at providing the kind of remedy sought.").

Because Plaintiff has not demonstrated that he exhausted available administrative remedies concerning his claim Defendants were deliberately indifferent to the risk of an assault in connection with the December 2006 assault upon him by detainee Geesaman, Defendants' Motion for Summary Judgment on the ground fo failure to exhaust administrative remedies should be granted.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion for Summary Judgment (Doc. # 43) be GRANTED and the cause of action be DISMISSED due to Plaintiff's failure to exhaust administrative remedies. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by      April 19th     , 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

ENTERED this   29th   day of   March  , 2010.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE